IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| DARRYL E. CROMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-cv-1189-WHA-CSC |
| | ) | |
| TUSKEGEE UNIVERSITY; and | ) | (WO) |
| MATTHEW JENKINS, D.V.M., | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

This cause is before the court on the Plaintiff's Motion to Strike Certain Defenses and Deem Portions of the Amended Complaint Admitted (Doc. # 50). Also before the court are the Defendants' Response to the Motion (Doc. # 58) and the Plaintiff's Reply thereto (Doc. # 60). In the Motion, the Plaintiff asks the court to strike the Defendants' sixth affirmative defense, pertaining to attorney's fees, pursuant to Fed. R. Civ. P. 12(f), and asks the court to deem the Defendants' response to the allegation that Fred Gray acted as counsel for Tuskegee University an admission. For the reasons to be discussed, the Motion to Strike is due to be DENIED, and the court will deem the Defendants' current response to the alleged status of Fred Gray a denial.

**II. Discussion**

This case arises out of a terminated employment relationship between the Plaintiff and Defendant Tuskegee University. The Amended Complaint states that the Plaintiff was hired "as an officer, attorney, and faculty member" at Tuskegee University in early 2011 and he was

1

terminated in June of 2014. (Doc. # 17 at 8–10 ¶¶ 11–16.) The Amended Complaint alleges claims for breach of contract and various fraud claims.

### A. Motion to Strike the Sixth Affirmative Defense

In the instant Motion, the Plaintiff asks the court to strike the Defendants' sixth affirmative defense, which states: "Attorneys are prohibited from accepting fees for work not performed." (Doc. # 47 at 8 ¶ 6; Doc. # 50 at 6.) The Plaintiff argues that he was not only an attorney for Tuskegee University, but was also a tenured faculty member and not a retained private attorney. The Defendants respond that their position is that "Plaintiff's primary responsibility and service to the University was that of legal counsel," and therefore they "contend that Plaintiff should not be permitted to recover fees for legal services not performed." (Doc. # 58 at 3 ¶¶ 10–11.)

Under Fed. R. Civ. P. 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In practice, "[t]his standard has been interpreted to mean that a motion to strike should be denied unless the challenged allegations in the complaint have no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *K.I., ex rel. Jennie I. v. Montgomery Pub. Sch.*, No. 2:06CV905-MEF, 2010 WL 476012, at *4 (M.D. Ala. Feb. 5, 2010) (citing *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher*, 881 F. Supp. at 576.

Here, the dispute between the parties as to whether this affirmative defense should be stricken indicates that striking it would be improper. While the affirmative defense may

ultimately fail at a later stage in the case, the parties disagree as to the factual issue of whether the Plaintiff's past employment relationship with Tuskegee University means he should be subject to the affirmative defense asserting he cannot recover fees for work not performed.  The parties agree that the Plaintiff did perform some legal services for Tuskegee University during his employment there, but they disagree on the extent and significance of his role in that capacity.  The affirmative defense has some relationship to the controversy and is not legally insufficient on its face because it "puts into issue relevant and substantial legal and factual questions."  *Id.*  Additionally, there has been no showing that leaving the affirmative defense in the Answer will cause prejudice to the Plaintiff.  The Motion to Strike is due to be DENIED as to the sixth affirmative defense.

### B. Motion to Deem Portions of the Complaint Admitted

Paragraph 16 of the Amended Complaint alleges in part: "[O]n June 4, 2014, Dr. Jenkins summoned [Plaintiff] to his office.  Fred Gray, who was acting as Tuskegee University's lawyer, was present in Dr. Jenkins' office."  (Doc. # 37 at 9–10 ¶ 16.)  Regarding those allegations, the Defendants answered as follows: "Defendants admit that Dr. Jenkins called Plaintiff into his office on June 4, 2014.  Defendants admit Fred Gray was present at this June 4, 2014 meeting, but are without information as to whether Mr. Gray was acting as University Counsel at that time."  (Doc. # 47 at 2–3 ¶ 16.)

The instant Motion alleges this response is insufficient under the Federal Rules of Civil Procedure because it is "impermissibly evasive," because Defendants have an obligation to investigate the matter, and because it is "implausible" to believe the Defendants do not know whether Mr. Gray was acting as University Counsel when Plaintiff's employment ended.  (Doc. # 50 at 4–5.)  The Defendants respond that the allegation itself is ambiguous as to the scope of

Mr. Gray's purported representation, but "[t]o the extent Plaintiff alleges Mr. Gray had the authority to act as the University's counsel in a global or unlimited capacity, such allegation is denied." (Doc. # 58 at 2 ¶¶ 3, 5.) In Reply, the Plaintiff maintains he is not required to plead the scope of the representation with particularity, but continues by stating that "as it stands now, Defendants' statement [on this issue in the Answer] amounts to and has the effect of a denial," citing Fed. R. Civ. P. 8(b)(5). (Doc. # 60 at 2 ¶¶ 2–3.) The Reply asks the court to "order this part of paragraph 16 'denied' by Defendants." (*Id.* at 2 ¶ 4.)

In light of the fact that the Plaintiff originally moved for the court to deem this portion of the pleadings admitted, but in Reply asks the court to deem it denied,[1] the court finds the original Motion to be moot and will deem the allegations at issue denied. This part of the Motion is due to be DENIED as moot.

### III. Conclusion

For these reasons, it is hereby ORDERED as follows:

1. The Plaintiff's Motion to Strike (Doc. # 50) is DENIED to the extent that the court declines to strike the Defendants' sixth affirmative defense.

2. The Plaintiff's Motion to Deem Portions of the Amended Complaint Admitted (Doc. # 50) is DENIED as moot because the Plaintiff's Reply states the portion of the Answer at issue should be deemed denied, instead of admitted. The court deems the allegation in paragraph 16 of the Amended Complaint that Fred Gray was acting as Tuskegee University's lawyer denied, under *Fed.R.Civ.P.* 8(b)(5).

---

[1] The Plaintiff retained new counsel between the filing of the original Motion and the Reply. (*See* Docs. # 55, 56.)

DONE this 9th day of April, 2015.

      /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE